NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.

# United States Court of Appeals for the Federal Circuit

05-3006

CHRISTINE HOUSE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: June 14, 2005

_____

Before RADER, SCHALL, and LINN, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board affirmed the Office of Personnel Management's (OPM's) denial of Ms. Christine House's application for disability retirement under the Civil Service Retirement System (CSRS). House v. Office of Personnel Mgmt., No. CH-831E-03-0774-I-1 (Nov. 3, 2003). OPM denied Ms. House's application because she did not show that her medical condition disabled her from performing useful and efficient service for the United States Postal Service. Because this court finds no error with the Board's decision under the limited scope of review available in this case, this court affirms.

## BACKGROUND

Ms. House had worked as a letter carrier in Cleveland since 1980. On August 14, 2002, she applied to OPM for CSRS disability retirement. Ms. House claimed that her disability, which was based on degenerated and herniated discs, arose on July 2, 2001. Ms. House also claimed that this disability prevented her from lifting more than fifteen pounds.

After OPM denied Ms. House's application and request for reconsideration, she appealed to the Board. In her appeal, Ms. House expanded her claim to describe her disability as "psychological with a physical overlay," and asserted that it was "this mental disability" that qualified her for disability retirement. Ms. House also submitted to the Board doctors' letters which stated that she had suffered from post-traumatic stress disorder "for many years," and from depression from April 2001. The administrative judge reviewed the medical evidence and determined that the evidence did not show that Ms. House's condition was disabling before her retirement in August 2001. The Board did not consider Ms. House's expanded claim for disability related to mental problems, because mental illness was not mentioned in the application which was the subject of her appeal to the Board. Ms. House timely appealed to this court.

## DISCUSSION

This court reviews Board decisions to ensure they are not "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1998). With respect

to disability cases in particular, "the decisions of [OPM] concerning [questions of disability and dependency arising under this chapter] are final and conclusive and are not subject to review." 5 U.S.C. § 8347(c) (2001). Hence, this court may not review the factual underpinnings of physical disability determinations, but may consider whether there has been a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." Lindahl v. Office of Personnel Mgmt., 470 U.S. 768, 791 (1985).

Ms. House has not alleged, nor can this court find, any misconstruction by the Board of the governing legislation. Rather, Ms. House argues that the Board should have considered the evidence of mental illness because, even though it was not submitted to OPM, it was "coupled" with the physical disability. The Board may consider evidence that was not submitted to OPM, so long as it is related to a medical condition on which the appellant based her application to OPM. Rozar v. Office of Personnel Mgmt., 61 M.S.P.R. 136, 140 (1994). However, the Board may not consider evidence relating to a totally different or additional medical condition that was never the subject of that application. Id.

In Ms. House's original application to OPM, where she was asked to "[f]ully describe your disease(s)," Ms. House mentioned only the physical problem of disc herniation, as well as back surgery and persistent pain. Where she was asked to "[d]escribe how your disease(s) . . . interferes with performance of your duties" she answered by listing only the physical disabilities of a limit on weight she could lift, as well as limits on bending, twisting, standing, and walking. The evidence she submitted

to document this disability consisted only of the medical history of her back problems, dating back to 1991, including an MRI report verifying disc injury. The evidence Ms. House subsequently submitted concerning mental disability consisted of a physician's form testifying to depression and anxiety arising in 2001. She also submitted a psychologist's letter stating that she exhibited symptoms of post-traumatic stress disorder, which were exacerbated by the death of her husband in 2001. Referring to "harsh treatment" from her supervisor, the psychologist concluded that Ms. House was not "mentally and emotionally capable of effectively meeting the demands of the situation she found herself in with her supervisor."

None of the evidence Ms. House presented, either in her original application or in her appeal to the Board, relates any mental disability to the physical limitations she averred. The mental disability, on this record, can therefore only be considered to be "totally different or additional" and not the basis for Ms. House's original application. Because this court may not review the factual underpinnings of the Board's physical disability determinations, and appellant has not shown that mental instability was related to the condition on which she based her original application to OPM, this court affirms the Board's decision.